**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

LANDON R. HUMPHREY, et al.,

    Plaintiffs,

v.                                                ACTION NO. 2:08cv68

GLOBAL EQUITY LENDING, INC., et al.,

    Defendants.

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This action was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District of Virginia, by an order of reference entered August 1, 2008.

This case was referred for a report and recommendation on a motion to dismiss filed by Defendant Global Equity Lending, Inc ("Global"). [Document No. 19]. For the reasons stated herein, the Court recommends Defendant's motion to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6) be GRANTED.

### I. FACTUAL AND PROCEDURAL HISTORY

Landon and Demprist Humphrey ("the Humphreys" or "Plaintiffs") purchased their home in Carrollton, Virginia on May 26, 2006. Now in the midst of foreclosure proceedings, the Humphreys, proceeding *pro se*, allege that the defendants charged them undisclosed broker fees and did not provide them certain preliminary disclosures at closing.

On February 6, 2008, the Humphreys filed a five-count complaint alleging violations of the

Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* and the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, as well as state law claims including violations of the Mortgage Lender and Broker Act ("MLBA"), Va. Code Ann. § 6.1-408 *et seq.,* breach of contract, breach of implied covenant of good faith and fair dealing and unjust enrichment. The Humphreys allege subject matter jurisdiction on the basis of their TILA and RESPA claims. See 28 U.S.C. § 1331. In the alternative, they allege jurisdiction on the basis of diversity of citizenship. See 28 U.S.C. § 1332. On June 20, 2008, Defendant Global filed this motion to dismiss. The time for a response having expired, the Court turns to the merits of the motion.

## II. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." Id. The court should grant the Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." Id.

A defendant may also move the court to dismiss a cause of action for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of a complaint; it "'does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses.'" Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (quoting Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A court may properly dismiss a complaint on a Rule 12(b)(6) motion when "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, 85 F.3d 178, 181

(4th Cir. 1996) (citing Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)). A claim that the applicable statute of limitations has expired is an affirmative defense. See Fed. R. Civ. P. 8(c).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true well-pleaded allegations and construe them in favor of the non-moving party. Randall v. United States, 30 F.3d 518, 522 (4th Cir. 1994). Moreover, the Court may rely upon allegations in the complaint and those documents attached as exhibits or incorporated by reference. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 127 S. Ct. 2499, 2509 (2007); Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir. 1995), *vacated on other grounds*, 517 U.S. 1206 (1996).

## IV. **MOTION TO DISMISS**

TILA and RESPA provide a one year statute of limitations for filing an alleged violation, with one exception. 12 U.S.C. §§ 1640(e), 2614. RESPA extends the filing window to three years for an individual claiming that the mortgage lender never disclosed information related to whether the mortgage can be "assigned, sold, or transferred." 12 U.S.C. §§ 2605 (mandating disclosures), 2614 (providing three-year limitations period). The Humphreys' complaint, however, does not allege a violation of § 2605.

Because the Humphreys' complaint relates to disclosures that the defendants allegedly failed to make before or at closing, the limitations period on their claims began to run May 26, 2006, the date they executed the loan agreement. See Tucker v. Beneficial Mortgage Co., 437 F. Supp. 2d 584, 589 (E.D. Va. 2006). The Humphreys filed their complaint on February 6, 2008, over one year after they executed the loan agreement. Thus, the Humphreys' TILA and RESPA claims are time-barred. While the limitations period equitably tolls if the lender fraudulently concealed information it should have disclosed under federal law, see, e.g., Barnes v. West, 243 F. Supp. 2d 559, 563 (E.D. Va. 2003), the

Humphreys have not pled any facts that lead the Court to believe they were prevented from timely filing suit "due to inequitable circumstances," see Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998).

Without the TILA and RESPA claims, this complaint consists solely of state law causes of action. The Humphreys alternatively allege that the Court has jurisdiction over their complaint on the basis of diversity of citizenship. Yet, the complaint indicates that the Humphreys are residents of the Commonwealth of Virginia and that they have named as a defendant a Virginia Corporation, Professional Foreclosure Corporation of Virginia. (Compl. ¶¶ 1.1, 1.4). Accordingly, there is not complete diversity of citizenship as required by 28 U.S.C. § 1332(a)(1). Further, the court need not exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3) ("The district court [] may decline to exercise supplemental jurisdiction over a claim if . . . [it] has dismissed all claims over which it has original jurisdiction . . . ."); see Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished.") (internal citation omitted).

## V. RECOMMENDATION

For the foregoing reasons, the Court recommends Defendant's motion to dismiss this complaint be GRANTED. However, the dismissal should be granted without prejudice to the Humphreys' rights to bring any viable state law claims in state court.

## VI. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the


objecting party, see 28 U.S.C. § 636(b)(1)(c), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), *cert. denied*, 467 U.S. 1208 (1984).

_____/s/_____
Tommy E. Miller
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia
August 12, 2008

## **CLERK'S MAILING CERTIFICATE**

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Landon R. Humphrey
13209 Compass Way
Carrollton, VA 23314

Demprist Humphrey
13209 Compass Way
Carrollton, VA 23314

Ethan G. Ostroff, Esq.
Vandeventer Black LLP
500 World Trade Center
101 W. Main Street
Norfolk, VA 23510

Richard H. Ottinger, Esq.
Vandeventer Black LLP
500 World Trade Center
101 W. Main Street
Norfolk, VA 23510

Christine S. Patterson, Esq.
Shapiro & Burson LLC
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462

Earl E. Farnsworth, Jr., Esq.
Shapiro & Burson LLC
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462

                                              Fernando Galindo, Clerk

                                       By _____
                                              Deputy Clerk
                                              August   , 2008