UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division


LANDON R. HUMPHREY, and

DEMPRIST HUMPHREY,

       Plaintiffs,

v.                                     ACTION NO. 2:08cv68

RESMAE MORTGAGE CORPORATION, and

PROFESSIONAL FORECLOSURE
CORPORATION OF VIRGINIA,

       Defendants.


**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

       This action was referred to the undersigned United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 72(b) of the Federal Rules of Civil

Procedure, as well as Rule 72 of the Rules of the United States District Court for the Eastern District

of Virginia, by an order of reference entered October 14, 2008.

       This case was referred for a report and recommendation on a motion to dismiss filed by

defendant Professional Foreclosure Corporation of Virginia ("PFC"). [Doc. 27].  For the reasons

stated herein, the Court recommends that PFC's motion to dismiss the complaint pursuant to Federal

Rules of Civil Procedure 12(b)(1) and (6) be considered a motion for judgment on the pleadings

pursuant to Federal Rule of Civil Procedure 12(c), and that the motion be GRANTED.

## I.  FACTUAL AND PROCEDURAL HISTORY

Landon and Demprist Humphrey ("the Humphreys") purchased their home in Carrollton,

Virginia on May 26, 2006.  In the midst of foreclosure proceedings, the Humphreys, proceeding *pro*

*se*, allege that the defendants charged them undisclosed broker fees and did not provide them certain

preliminary disclosures at closing.

On February 6, 2008, the Humphreys filed a five-count complaint alleging violations of the

Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, and the Real Estate Settlement Procedures

Act ("RESPA"), 12 U.S.C. § 2601 *et seq.*, as well as state law claims including violations of the

Mortgage Lender and Broker Act ("MLBA"), Va. Code Ann. § 6.1-408 *et seq.*, breach of contract,

breach of implied covenant of good faith and fair dealing, and unjust enrichment.  The Humphreys

allege subject matter jurisdiction on the basis of their TILA and RESPA claims.  See 28 U.S.C.

§ 1331 (2008).  In the alternative, they allege jurisdiction on the basis of diversity of citizenship.  See

28 U.S.C. § 1332 (2008).  PFC answered the complaint on March 3, 2008, and filed this motion to

dismiss on September 19, 2008.[1]  The time for a response has expired.

## II.  MOTION FOR JUDGMENT ON THE PLEADINGS

PFC filed this motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6), alleging a failure

to comply with the statute of limitations, six months after answering the complaint [Doc. 5].  This

raises two procedural hurdles for PFC, neither of which is mentioned in PFC's motion.  First, a claim

---

[1] Rule 7(F)(1) of the Local Civil Rules for the United States District Court for the Eastern District of Virginia requires a "written brief setting forth a concise statement of the facts and supporting reasons, along with a citation of the authorities upon which the movant relies."  PFC's two page motion does not comply with this rule.  Ordinarily, the Court would decline to act on a motion without a brief. However, the Court has addressed a similar motion to dismiss in this case. Further, based on the quality of pleadings filed by counsel for PFC, it is not likely that counsel would materially contribute to the decision-making in this case.

that the applicable statute of limitations has expired is an affirmative defense which must be raised in defendant's first responsive pleading. See Fed. R. Civ. P. 8(c) (2008). PFC's failure to specifically raise the statute of limitations as an affirmative defense[2] in its answer would generally result in a waiver of the defense under Federal Rule of Civil Procedure 8(c). However, the majority of federal circuit courts, including the Fourth Circuit, have held that such a waiver should not be effective unless the failure to plead resulted in unfair surprise or prejudice to the plaintiff. See Brinkley v. Harbour Recreation Club, 180 F.3d 598, 612 (4th Cir. 1999) (collecting cases), abrogated on other grounds, Hill v. Lockheed Martin Logistics Mgmt., Inc., 354 F.3d 277 (4th Cir. 1999). The prejudice contemplated by the Rules and the Fourth Circuit decisions stems from the defendant's timing in raising the defense, not whether the defendant ultimately prevails. See Bryant Reals Estate, Inc. v. Toll Brothers, Inc., 106 Fed.Appx. 182, 187 (4th Cir. 2004).[3]

Here, there is no evidence of unfair surprise or prejudice to the Humphreys. While PFC failed to assert the affirmative defense specifically in its answer, a co-defendant, Global Equity Lending, Inc. ("Global") filed a motion to dismiss pursuant to the statute of limitations on June 20, 2008. The Humphreys filed no response to the motion to dismiss, and the motion was granted on September 11, 2008. Following Global's lead, PFC filed this motion to dismiss on September 19, 2008. The Humphreys have filed no response to this motion, and have offered no argument of unfair surprise or prejudice. Under these circumstances, the Court should find that PFC did not waive the limitations

---

[2] Under the heading "AFFIRMATIVE DEFENSES," the answer states, "1. The Plaintiffs' Complaint fails to state a claim upon which relief can be granted against PFC. 2. PFC reserves the right to assert any and all other defenses to the Complaint, as they become known." (Answer [Doc. 5], p. 8.)

[3] See Fed. R. App. P., Local R. 32.1 (unpublished opinions); Hupman v. Cook, 640 F.2d 497, 501 n.7 (4th Cir. 1981).

defense when it failed to specifically plead the affirmative defense in the answer. See Polsby v. Chase, 970 F.2d 1360 (4th Cir. 1992) (allowing defendant to raise the defense that the claim was time barred in a motion for summary judgment when no affirmative defense was raised in the answer), vacated on other grounds, Polsby v. Shalala, 507 U.S. 1048 (1993); Vermont Mutual Ins. Co. v. Everette, 875 F. Supp. 1181, 1189 n.3 (E.D. Va. 1995) (finding no prejudice or surprise even though affirmative defense was first raised in summary judgment because parties were given the opportunity to argue their positions in briefs and during oral argument). Compare S. Wallace Edwards & Sons, Inc. v. Cincinnati Ins. Co., 353 F.3d 367, 373-74 (4th Cir. 2003) (holding defense was waived due to unfair surprise and prejudice where defendant negotiated with plaintiff and engaged in discovery for over two years before denying liability eleven days after the time period had expired); Peterson v. Air Line Pilots Ass'n., Int'l., 759 F.2d 1161, (4th Cir. 1985) (holding limitations defense was waived where defendant waited over three years to raise the defense).

As to the second procedural hurdle, motions to dismiss pursuant to Rule 12(b) must be made prior to filing a responsive pleading. Fed. R. Civ. P. 12(b) (2008). Under Rule 12(h)(3), a party may move to dismiss for lack of subject matter jurisdiction at any time. Fed. R. Civ. Proc. 12(h)(3)(2008); Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 571 (2004). However, a motion made after a responsive pleading is more properly styled as a Rule 12(c) motion for judgment on the pleadings. See 5B Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, at 114-116 (3d ed. 2004) (lack of subject matter jurisdiction may be raised at any time during the case, including under Rules 12(b)(1), 12(c), 12(f) and 60(b)(4)). When lack of subject matter jurisdiction is raised in a Rule 12(c) motion, the court applies the same standard of review as is applied in Rule 12(b)(1) motions. See City of Jacksonville v. U.S. Dep't. of Navy, 187 F. Supp. 2d

4

1352, 1356 (M.D. Fla. 2002), reversed in part on other grounds, 348 F.3d 1307 (11th Cir. 2003).

Further, Rule 12(h)(2) provides that a defense of failure to state a claim upon which relief can be

granted may also be made by a Rule 12(c) motion for judgment on the pleadings. Fed. R. Civ. Proc.

12(h)(2). See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999) (holding the court

should treat a Rule 12(b)(6) motion filed after the answer as a Rule 12(c) motion). In this situation,

the court applies the same standard of review as applied in a Rule 12(b)(6) motion to dismiss. Id.;

Turbe v. Government of Virgin Islands, 938 F.2d 427, 428 (3rd Cir.1991). Therefore, the Court will

treat PFC's motion to dismiss as a Rule 12(c) motion for judgment on the pleadings, and will apply

the standards established by Rules 12(b)(1) and 12(b)(6).

### III. STANDARD OF REVIEW

The plaintiff has the burden of proving that subject matter jurisdiction exists. See Richmond,

Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). When a

defendant challenges subject matter jurisdiction pursuant to Rule 12(b)(1), "the district court is to

regard the pleadings as mere evidence on the issue, and may consider evidence outside the pleadings

without converting the proceeding to one for summary judgment." Id. The court should grant the

Rule 12(b)(1) motion to dismiss "only if the material jurisdictional facts are not in dispute and the

moving party is entitled to prevail as a matter of law." Id.

A defendant may also move the court to dismiss a cause of action for "failure to state a claim

upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion to dismiss tests

the legal sufficiency of a complaint; it "'does not resolve contests surrounding the facts, the merits

of the claim, or the applicability of defenses.'" Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th

Cir. 1999) (quoting Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992)). A court

may properly dismiss a complaint on a Rule 12(b)(6) motion when "the face of the complaint clearly

reveals the existence of a meritorious affirmative defense." Brooks v. City of Winston-Salem, 85

F.3d 178, 181 (4th Cir. 1996) (citing Richmond, Fredericksburg & Potomac R.R. Co. v. Forst, 4 F.3d

244, 250 (4th Cir. 1993)).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept as true well-pleaded

allegations and construe them in favor of the non-moving party.  Randall v. United States, 30 F.3d

518, 522 (4th Cir. 1994).  Moreover, the Court may rely upon allegations in the complaint and those

documents attached as exhibits or incorporated by reference. Tellabs, Inc. v. Makor Issues & Rights,

Ltd., 127 S. Ct. 2499, 2509 (2007); Anheuser-Busch, Inc. v. Schmoke, 63 F.3d 1305, 1312 (4th Cir.

1995), vacated on other grounds, 517 U.S. 1206 (1996).

## IV. ANALYSIS

TILA and RESPA provide a one year statute of limitations for filing an alleged violation, with

one exception.  12 U.S.C. §§ 1640(e), 2614.  RESPA extends the filing window to three years for

an individual claiming that the mortgage lender never disclosed information related to whether the

mortgage can be "assigned, sold, or transferred." 12 U.S.C. §§ 2605 (mandating disclosures), 2614

(providing three-year limitations period).  The Humphreys' complaint, however, does not allege a

failure to disclose this information, and thus, the extended statutory period of § 2605 does not apply.

Because the Humphreys' complaint relates to disclosures that the defendants allegedly failed

to make before or at closing, the limitations period on their claims began to run May 26, 2006, the

date they executed the loan agreement.  See Tucker v. Beneficial Mortgage Co., 437 F. Supp. 2d

584, 589 (E.D. Va. 2006).  The Humphreys filed their complaint on February 6, 2008, over one year

after they executed the loan agreement.  Thus, the Humphreys' TILA and RESPA claims are time-

barred.  While the limitations period equitably tolls if the lender fraudulently concealed information

6

it should have disclosed under federal law, see, e.g., Barnes v. West, Inc., 243 F. Supp. 2d 559, 563 (E.D. Va. 2003), the Humphreys have not pled any facts that lead the Court to believe they were prevented from timely filing suit "due to inequitable circumstances." See Ellis v. Gen. Motors Acceptance Corp., 160 F.3d 703, 706 (11th Cir. 1998).

Without the TILA and RESPA claims, this complaint consists solely of state law causes of action. The Humphreys alternatively allege that the Court has jurisdiction over their complaint on the basis of diversity of citizenship. Yet, the complaint indicates that the Humphreys are residents of the Commonwealth of Virginia and defendant PFC is a Virginia Corporation. (Compl. ¶¶ 1.1, 1.4). Accordingly, there is not complete diversity of citizenship as required by 28 U.S.C. § 1332(a)(1). Further, the court need not exercise supplemental jurisdiction over the remaining state law claims. 28 U.S.C. § 1367(c)(3) ("The district court [] may decline to exercise supplemental jurisdiction over a claim if . . . [it] has dismissed all claims over which it has original jurisdiction . . . ."); see Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) ("[T]rial courts enjoy wide latitude in determining whether or not to retain jurisdiction over state claims when all federal claims have been extinguished.") (internal citation omitted).

## V.  RECOMMENDATION

For the foregoing reasons, the Court recommends PFC's motion to dismiss the complaint pursuant to Rule 12(b)(1) and (6) be treated as a motion for judgment on the pleadings pursuant to Rule 12(c), and that the motion be GRANTED. However, the dismissal should be granted without prejudice to the Humphreys' rights to bring any viable state law claims in state court.

## VI.  REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28

U.S.C. § 636(b)(1)(c):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, see 28 U.S.C. § 636(b)(1)(c), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules.  A party may respond to another party's objections within ten days after being served with a copy thereof.

2. A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations.  Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

/s/
_____
Tommy E. Miller
United States Magistrate Judge

Norfolk, Virginia

November 26, 2008

## CLERK'S MAILING CERTIFICATE

A copy of the foregoing Report and Recommendation was mailed this date to each of the following:

Landon R. Humphrey
13209 Compass Way
Carrollton, VA 23314

Demprist Humphrey
13209 Compass Way
Carrollton, VA 23314

Christine S. Patterson, Esq.
Shapiro & Burson LLC
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462

Earl E. Farnsworth, Jr., Esq.
Shapiro & Burson LLC
236 Clearfield Avenue, Suite 215
Virginia Beach, VA 23462

Fernando Galindo, Clerk

By _____

Deputy Clerk
November 26, 2008

9